U.S. BANKRUPTCY COURT
District of South Carolina

Case Number: 06-03747

ORDER DENYING WAIVER OF CREDIT COUNSELING AND DISMISSING CASE

The relief set forth on the following pages, for a total of 8 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**09/01/2006**



US Bankruptcy Court Judge
District of South Carolina

Entered: 09/01/2006

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | Case No.  06-03747-dd |
| Mark McBride | ) | |
| | ) | ORDER DENYING WAIVER OF |
| Debtor. | ) | CREDIT COUNSELING AND |
| | ) | DISMISSING CASE |

Mark McBride filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code on August 29, 2006.  A request to waive the credit counseling requirement of 11 U.S.C. § 109(h)(1)[1] accompanied the petition.  The request is grounded generally on § 109(h) and makes no reference to a particular sub-section.  As the basis for waiver the debtor states that he is incarcerated.  He generally avers that he does not have access to a telephone or to the internet.  The debtor also states that he does not have a debit card, credit card or checking account through which he might pay the cost of credit counseling.

The petition discloses that debtor previously filed three cases in the Bankruptcy Court for the Northern District of Georgia.  The most recent case, Case No. 06-62067, was filed February 28, 2006.  In that case the debtor sought a waiver of credit counseling pursuant to § 109(h)(3) and (4), which request was denied by order of Judge James E. Massey, entered on March 16, 2006.  This case was ultimately dismissed following denial of confirmation of the debtor's chapter 13 plan.  The order dismissing the case was entered July 13, 2006.

---

[1] Further reference to Title 11 of the United States Code will be by section number only.

The debtor also filed a chapter 13 petition on October 13, 2005 in this judicial district, which filing was not disclosed in the present petition. Case No. 05-13127 was dismissed by Judge John E. Waites, for failure to timely file the chapter 13 plan, by order entered November 8, 2005. The debtor sought reconsideration of dismissal, which motion was denied. He also filed a motion to transfer venue of the case to the Bankruptcy Court for the Northern District of Georgia, which motion was not addressed because the case was closed.

The issue for the court is the availability of an extension of time for the debtor to obtain credit counseling.[2] The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA")[3] imposes a pre-petition credit counseling requirement on individual debtors. The relevant provision provides:

> Subject to paragraphs (2) and (3), and notwithstanding any other provision of this section, an individual may not be a debtor under this title unless such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

*§ 109(h) (1).*

An individual debtor is required to file "a certificate from the approved nonprofit budget and credit counseling agency that provided the debtor services under section 109(h) describing the services provided to the debtor. . ." *§ 521(b)(1)*, and a copy of any

---

[2] It is not clear whether the debtor is seeking a determination that the requirement of credit counseling is inapplicable to his case pursuant to § 109(h) (4), that the debtor claims that the United States trustee has determined that credit counseling is not reasonably available in the district in which he resides pursuant to § 109(h) (2), or is seeking an extension of time to obtain counseling.

[3] *Pub. L. No. 109-8, 119 Stat.23*. Provisions of BAPCPA are codified throughout Title 11.

"debt repayment plan. . ." *§ 521(b)(2)*, with the court. The certificate is to be filed with the bankruptcy petition. *SC LBR 1007-2(d)*.[4]

An individual debtor must obtain credit counseling and file with the court a certificate to that effect unless one of three exceptions to the requirement applies. These exceptions are for residence in a district for which the United States trustee has determined that credit counseling is not reasonably available, for debtors who have requested credit counseling and were unable to obtain it but were forced by exigent circumstances to file before meeting the requirement, and for debtors unable to complete the requirement because of incapacity, disability or military service. The four options, complying with the requirement or making a showing of one of the three exceptions, are the exclusive keys to an individual debtor complying with the counseling mandate. See *In re Childs*, 335 B.R. 623 (Bankr. D. Md. 2005) (Post petition filing of a certificate obtained for post petition credit counseling is not sufficient), *In re Watson*, 332 B.R. 740 (Bankr. E.D. Va. 2005) (The debtor – in this instance an individual chapter 11 debtor - must either obtain credit counseling pre-petition or must make a showing of each element required for an exemption).

Mr. McBride did not participate in a pre-petition briefing on the opportunities for available credit counseling and perform a budget analysis within 180 days of the filing of his bankruptcy petition. He has not made any showing of (or even mentioned any) exigent circumstances. The assertion of his incarceration has no bearing

---

[4] The local rule adopts F. R. Bankr. P. Interim Rule 1007, including subsection (b)(3), which provides: "Unless the United States trustee has determined that the credit counseling requirement of § 109 does not apply in the district, an individual debtor must file the certificate and debt repayment plan, if any, required by § 521(b), a certification under § 109(h)(3), or a request for a determination by the court under § 109(h)(4)." and subsection (c), which provides in part: "The documents required by subdivision (b)(3) shall be filed with the petition in a voluntary case."

on the exigency of his need to file a petition for bankruptcy nor as it relates to the need for credit counseling as a prerequisite for filing. The debtor does not assert that he made a request for credit counseling from an approved provider of those services nor that he was unable to obtain the services during the 5 days following the request. While the timing of the request is not clearly established by § 109, "the better view is that the request must be made at least five days before the petition date, absent extraordinary circumstances satisfactory to [the] Court." *In re Dansby*, 340 B.R. 564, 568 (Bankr. D. S.C. 2006). Mr. McBride does not qualify for an extension of time to obtain credit counseling under § 109(h)(3).

The Bankruptcy Court for the Northern District of West Virginia, confronting the case of an incarcerated debtor who had filed a series of bankruptcy cases and a request for a waiver of credit counseling said:

> "In the absence of circumstances that merit an extension or waiver of the credit counseling requirement, § 109(h) states that 'an individual may not be a debtor under this title unless such individual has, during the 180-day period preceding the date of the filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency ⋯ an individual or a group briefing ⋯ that outlined the opportunities for available credit counseling ⋯.' § 109(h)(1) . Unless an individual qualifies for an exemption or an extension of time to file the certificate of credit counseling after the petition is filed-as outlined in § 109(h)(3), (4)-that individual is not eligible to be a debtor under the Bankruptcy Code. *E.g.,Dixon v. LaBarge (In re Dixon), 338 B.R. 383,386 (B.A.P. 8th Cir. 2006)* (affirming the dismissal of the debtor's case when the debtor did not obtain pre-petition credit counseling, stating: 'It is the clear expectation of the statute that all individual debtors receive such a briefing prior to filing.'). . .
>
> The Debtor alleges that no access for credit counseling exists because the Debtor is incarcerated and will not be released until August 2006. At the May 2, 2006 hearing, [a prison counselor] stated that, on a written request, sufficient telephone time could be allocated to the Debtor to obtain credit counseling services by telephone. The Debtor stated that he made no request to obtain credit counseling pre-petition; thus, the requirement in §

> 109(h)(3)(A)(ii) that the Debtor have requested credit counseling services before filing is not met and no extension of time may be granted. Likewise, the Debtor presented no evidence that he is incapacitated or disabled as defined by § 109(h) (4). Accordingly, no exemption to the credit counseling exists and the Debtor's case must be dismissed pursuant to 11 U.S.C. § 109(h) (1).

*In re Latovljevic*, 343 B.R. 817, 821-22 (Bankr. N.D. W.Va. 2006).

The debtor did not specify a subsection of § 109(h) as the basis for the relief he requests. He is not entitled to more time under § 109(h) (3). The other exceptions to the credit counseling requirement are truly exceptions, rather than requests for extensions of time. In this case the debtor is incarcerated in South Carolina and his real property and other assets are in Georgia. He filed a series of cases in Georgia and now South Carolina. The United States Trustees for Regions 4 and 21, respectively, have not determined that the approved credit counseling providers for South Carolina and the federal judicial districts of Georgia are not reasonably able to provide adequate services to debtors. Section 109(h) (2) does not afford the debtor an exemption.

The remaining exemption is for incapacitated, disabled or active duty debtors. An incarcerated debtor does not fit the definition for disability or incapacity for the purposes of § 109(h)(4) by virtue of his imprisonment. See *In re Star*, 341 B.R. 830, 831 (Bankr.E.D). Va. 2006).[5] A disabled debtor for the purposes of the credit counseling exemption is one "so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing" and an incapacitated debtor is one "impaired by reason of mental illness or mental deficiency. . . ." *§ 109(h)(4)*. Debtor

---

[5] The *Star* court did extend the debtor an opportunity to obtain credit counseling pursuant to § 109(h) (3) based on the debtor's circumstances. To the extent that *Star* treats incarceration as an exigent circumstance, this Court does not follow it.

offers no evidence to met either definition and he is not in active military service in a military combat zone. Section 109(h)(4) does not afford the debtor an exemption.

The debtor is not eligible to be a debtor under Title 11. The courts have split on the appropriate remedy for failure to comply with § 109(h) with the minority of courts striking the petition and the growing majority dismissing the case. See generally *Validity, Construction, and Application of Credit Counseling Requirement Under Bankruptcy Abuse Prevention and Consumer Protection Act*, 11 A.L.R. Fed.2d. 43.

This is a chapter 13 case and dismissal is therefore governed by § 1307(c) which permits the court to dismiss a case for cause. The listing of grounds for dismissal is non-exhaustive; the statute simply provides that cause includes the 11 noted failings. One of the purposes of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 was to discourage abuse of the bankruptcy system, including in the area of serial filings by debtors. Mr. McBride has filed 5 bankruptcy petitions since 2001. The case should be dismissed for "unreasonable delay by the debtor that is prejudicial to creditors." *§ 1307(c)(1)*. Additionally, the debtor did not truthfully disclose all bankruptcy petitions filed in the previous eight years, as required by the petition. This is an independent ground for dismissal.

This result, dismissal of the case, is consistent with the holding in this District's *Dansby* decision. Generally, where the debtor fails to comply with § 109(h) by obtaining pre-petition credit counseling and fails to meet the requirements for exemption or an extension of time, cause will exist for dismissal of the case. Dismissal is the appropriate remedy.

Finally, the court notes that no stay has been in effect during the pendency of this case by virtue of § 362(c)(4)(A).

AND IT IS SO ORDERED.